TRAP ROCK INDUSTRIES, INC.; STA-SEAL; M. J. STA-VOLA MANUFACTURING; M. J. STAVOLA INDUSTRIES, INC., APPELLANTS, v. JOHN C. KOHL, NEW JERSEY COMMISSIONER OF TRANSPORTATION, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued May 1, 1972—Decided July 5, 1972.

Before Judges Conford, Matthews and Fritz.

*Mr. Justin P. Walder* argued the cause for appellants (*Messrs. Schapira, Steiner & Walder,* attorneys; *Mr. Jeffrey Barton Cahn,* on the brief).

*Mr. Alfred L. Nardelli,* Deputy Attorney General, argued the cause for respondent (*Mr. George F. Kugler, Jr.,* attorney General, attorney; *Mr. Stephen Skillman,* Deputy Attorney General, of counsel.)

*Messrs. Hughes, McElroy, Connell, Foley & Geiser* submitted *amicus curiae* brief for New Jersey Heavy, Highway and Construction Industry Advancement Fund (*Mr. Theodore W. Geiser,* of counsel and on the brief).

PER CURIAM. Appellants appeal from a final determination and order entered by the Commissioner of Transportation on March 16, 1972. The order debarred appellants from performing any work for the Department of Transportation for a period of five years and from various activity with respect to certain county and municipal projects.

The relevant factual and legal background for this appeal is found in the opinion, *Trap Rock Industries, Inc. v. Kohl,* 59 *N. J.* 471 (1971), cert. den. 405 *U. S.* 1065, 92 S. Ct. 1500, 31 L. Ed. 2d 796 (April 17, 1972), holding that the Commissioner of Transportation could bar a corporation owned and controlled by one indicted for bribery from contracting with the State.

On November 22, 1971 Michael J. Stavola (Stavola) the subject of the *Trap Rock* case, above, was found guilty of bribery and obstructing justice after a jury trial, and on January 21, 1972 he was sentenced to a prison term of not less than one nor more than two years.

Following sentencing the Commissioner of Transportation (Commissioner) conducted a hearing "to gather information regarding the State's ongoing business relations with Michael J. Stavola and any business entity with which he is associated." The hearing was held on February 15, 1972.

Testimony adduced at the hearing confirmed the fact of Stavola's conviction and sentencing. It further established that Stavola was the sole owner of Sta-Seal, M. J. Stavola Manufacturing, and M. J. Stavola Industries, Inc. It was

also disclosed that Stavola owns 80% of the capital stock of Trap Rock Industries, Inc., and that he is that corporation's president and chief executive officer. Testimony adduced on behalf of Stavola tended to establish that he had very little if anything to do with the day-to-day operation of the corporations mentioned.

After the hearing the Commissioner made certain findings and reached certain conclusions which led to the debarment order. Among the findings made was that Stavola is without the requisite moral integrity to be a responsible bidder on state contracts; that since Stavola was the principal owner of all of the corporations, and since a corporation has no moral character of its own, the corporations are also regarded to be without the requisite moral integrity to deal with the State. Finally, the Commissioner concluded that there is no logical difference between a situation where one is a direct contractor and one where he is a material supplier to the State.

On March 16, 1972 the Commissioner entered an order debarring Michael J. Stavola and the named appellants "from bidding on any contract with the Department of Transportation or any contract with county or municipal bodies which utilize or propose to utilize State funds, subcontracting on such contracts, or providing materials for such contracts, for a period of five years to run from May 7, 1971, * * *."

Appellants have raised several arguments on this appeal which they contend require us to reverse and vacate the Commissioner's determination and order, with respect to debarment from Department of Transportation contracts. In our view, it is unnecessary for us to review the arguments advanced since we believe that all of them have been answered directly or by clear implication adversely to appellant, by the opinion of the Supreme Court in *Trap Rock Industries, Inc. v. Kohl,* above. In addition, we find ample support for that portion of the debarment order which bars Stavola or the appellants from supplying materials to con-

tractors performing state contracts under the provisions of *Title* 27 of the Revised Statutes and the regulations promulgated by the Commissioner pursuant thereto. In short, the Commissioner unquestionably has the power to approve the source of materials that are to be used by a contractor in the performance of state work. The withholding of approval of a source of supply by the Commissioner because of the lack of moral integrity on the part of the proposed supplier is within the rationale of the Supreme Court opinion in *Trap Rock Industries, Inc. v. Kohl,* above.

We fail, however, to find a source of power in the Commissioner to prevent Stavola or the appellants from participating in municipal or county work, whether by contracting, subcontracting or supplying materials. There is no such authority to be found within the provisions of *Title* 27 or the regulations promulgated by the Commissioner pursuant to that title. The scope of the opinion in *Trap Rock Industries, Inc. v. Kohl,* above, does not extend to this question.

The determination and order of the Commissioner of Transportation is reversed insofar as it debars appellants from participating in municipal and county work. Except to that extent the determination and order of the Commissioner is affirmed.